IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CUAUHTEMOC VILLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:08CV791 |
| ) | 1:06CR434-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cuauhtemoc Villa, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 66.)[1] Petitioner was originally indicted on one count of conspiracy to distribute cocaine hydrochloride and one count of distributing cocaine hydrochloride. (Docket No. 1.) He later pled guilty to the conspiracy count and was sentenced to 70 months of imprisonment. (Docket Nos. 26, 27, 33.) Petitioner did pursue a direct appeal, but was unsuccessful in that endeavor. (Docket Nos. 57, 58.) Petitioner next filed his current motion under § 2255. Respondent has filed a response seeking to have the motion denied. (Docket No. 77.) Despite being informed of his right to file a reply brief in a letter dated February 2, 2009, Petitioner has made no such filing. (Docket No. 78.) His motion is now before the Court for a decision.

---

[1]This and all further cites to the record are to the criminal case.

**FACTS**

The facts of the case, as reflected in the factual basis supporting Petitioner's guilty plea and in the Presentence Report (PSR) are as follows. Durham police caught Jessie Wright, Jr. and Mayra Jeanette with a considerable amount of cocaine base and cocaine hydrochloride. Wright told police that a Hispanic male known as "Pio" had been supplying him with cocaine for over a year. "Pio" was later identified as Petitioner's co-defendant Pioquinto Penaloza-Banos. Wright added that Petitioner had accompanied Penaloza-Banos on one prior trip to deliver two kilograms of cocaine.

Wright agreed to arrange a five-kilogram cocaine deal with Penaloza-Banos. Once he did so, audio and video recording equipment was placed in Wright's residence. Penaloza-Banos and Petitioner arrived at Wright's residence with Penaloza-Banos driving a black Ford Focus. He parked the vehicle in Wright's garage. Petitioner used a tool to open a hidden compartment in the Focus's bumper. The cocaine was removed, and Penaloza-Banos carried it into Wright's house. Video footage showed Penaloza-Banos conducting the drug deal while Petitioner stood behind him. They were arrested at the scene.

After his arrest, Petitioner waived his rights and spoke with law enforcement. He admitted that he had allowed Penaloza-Banos, who is his cousin, to register the black Ford Focus in his (Petitioner's) name, that he knew about the hidden compartment, that he had also accompanied Penaloza-Banos on a two-kilogram deal

-2-

two weeks before, and that Penaloza-Banos was supposed to pay him $500.00 for his participation in the five-kilogram deal.

## **DISCUSSION**

In his § 2255 motion, Petitioner raises two claims of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Petitioner's first claim asserts that he received ineffective assistance of counsel when his attorney failed to argue at sentencing that Petitioner was a minor or minimal participant in the drug conspiracy. If successful, this argument would have resulted in a reduction of Petitioner's sentencing level under the United States Sentencing Guidelines by two to four levels. USSG § 3B1.2. In Petitioner's second claim, he contends that his attorney erroneously failed to argue that Amendment 668 to the United States Sentencing Guidelines, which was effective as of November 1, 2004, capped Petitioner's base offense level at 30. It was calculated to be 32. (PSR ¶ 15.) Amendment 668 altered USSG

§ 2D1.1(a)(3) to read as it currently does.  That subsection of the Guidelines allows for a further reduction in a defendant's offense level if the defendant receives a minor or minimal role reduction under USSG § 3B1.2.  Therefore, Petitioner's second claim for relief is viable only if he succeeds as to his first claim.

A mitigated role adjustment under USSG § 3B1.2 is appropriate where there is "'group conduct and a particular defendant is less culpable than other members of the group to such a degree that a distinction should be made at sentencing between him and the other participants.'"  United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001)(quoting United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990)).  However, while comparing the relative roles of members of a conspiracy is a part of the decision to apply the adjustment, a court must also consider a defendant's acts against the elements of the offense.  "'The critical inquiry is thus not just whether the defendant has done fewer "bad acts" than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense.'"  Id. (quoting United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991)).

Here, Petitioner's involvement in the drug conspiracy was certainly less than the involvement of his co-defendant, Penaloza-Banos.  Penaloza-Banos was the person who arranged the drug deal and negotiated the terms.  He also drove the car and appeared to be in control of the transaction.  Still, Petitioner did engage in conduct that was material and essential to the conspiracy.  As his attorney notes in his affidavit when explaining why he did not seek

-4-

a mitigating role adjustment, Petitioner facilitated the transportation of the drugs by allowing the car to be registered in his name and actively helped in removing the drugs from the hidden compartment. (Docket No. 77, Ex. 1.) He also made at least two trips and was to be paid the sum of $500.00 for the second trip.

In light of those facts, and the fact that Petitioner was already receiving reductions in his offense level under a safety valve provision and for acceptance of responsibility, his attorney's decision not to make an attempt at a mitigating role adjustment cannot be said to fall below the reasonable standards for defense attorneys.

Petitioner also cannot show prejudice. The Pratt case cited above is factually similar to the present case and cuts solidly against Petitioner's argument that there is a reasonable probability that a mitigating role adjustment would have applied if counsel had sought it. In Pratt, the defendant (Pratt) was a passenger in a car where drugs were found. He admitted that he knew the drugs were in the car, but maintained that the drugs belonged to others, that the car and a hotel room where the drugs were delivered were rented by his co-defendant/driver, that his co-defendant/driver had arranged the drug deal, and that he was merely a passenger. The defendant did have the telephone number for the person who was to receive the drugs in his wallet. He also admitted to having made one prior trip with same driver and to having been paid $2000 that trip. Pratt, 239 F.3d at 642-43. Pratt's attorney did seek a mitigating role adjustment, but the

sentencing judge denied the adjustment. That decision was upheld by the Fourth Circuit.

Like Pratt, Petitioner made only two drug transportation trips, rode as a passenger, was paid a substantial but not overly large sum of money for one trip, and was generally along to help out as needed. Most or all of the arrangements for the drug deals were made by his co-defendant. Just as Pratt was not entitled to the adjustment, neither would Petitioner have been entitled to it. If anything, Petitioner did more to facilitate the offense than Pratt when he allowed the car to be registered in his name, knew of the hidden compartment concealing the cocaine, and helped to open it. Petitioner was not prejudiced by his attorney's failure to raise a meritless argument. Petitioner has established neither the error nor prejudice prongs of his first claim for relief. It should be denied.

As for Petitioner's second claim, the fact that he could not have succeeded in receiving a mitigating role adjustment under USSG § 3B1.2 means that he was not eligible for the downward adjustment set out in USSG § 2D1.1(a)(3). Again, his attorney did not err in failing to request that adjustment, and Petitioner suffered no prejudice. This claim too should be denied.

-6-

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 66) be **DENIED** and that Judgment be entered dismissing this action.

                                    /s/ Donald P. Dietrich
                                    **Donald P. Dietrich**
                               **United States Magistrate Judge**

April 30, 2009